Joseph W. Cotchett (36324;
jcotchett@cpmlegal.com)
Steven N. Williams (175489;
swilliams@cpmelgal.com)
Nancy L. Fineman (124970);
nfineman@cpmlegal.com)
Douglas Y. Park (233398;
dpark@cpmlegal.com)
Matthew K. Edling (250940;
medling@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTS FOR CANDY, A Sole Proprietorship, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GANZ, INC., a Canadian Company, and GANZ U.S.A. LLC,<br><br>Defendants. | Case No. 3:08-CV-2873<br><br>**PLAINTIFF NUTS FOR CANDY'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**<br><br>[FED. R. CIV. P. 23(g)]<br><br>Date:  August 22, 2008<br>Time:  9:00 a.m.<br>Judge:  Hon. Jeffrey S. White<br>Courtroom:  Courtroom 2, 17th Floor |

LAW OFFICES
COTCHETT,
PITRE
& McCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873

## TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION .................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................... 2

I. INTRODUCTION ........................................................................ 2

II. BACKGROUND .......................................................................... 3

III. LEGAL ARGUMENT .................................................................. 3

    A. The Inquiry Under Rule 23(g) Focuses on the Experience, Knowledge, and Resources of Counsel ................................................................ 3

    B. The Cotchett Firm Possesses the Experience and Legal Acumen to Best Represent the Interests of the Class on an Efficient Basis ............... 5

    C. The Cotchett Firm will Devote Substantial Resources and Efficiently Prosecute this Action ............................................................................. 8

    D. The Cotchett Firm Has Already Performed Substantial Work Investigating this Action ............................................................................................... 8

IV. CONCLUSION ............................................................................ 9

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873          i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Coleman v. General Motors Acceptance Corp.*,
   220 F.R.D. 64 (M.D. Tenn. 2004) .................................................... 4

*Donaldson v. Pharmacia Pension Plan*,
   2006 U.S. Dist. LEXIS 28607 (S.D. Ill. May 10, 2006) ............................ 3

*In re Cardinal Health, Inc. ERISA Litigation*,
   225 F.R.D. 552 (S.D. Ohio 2005) .................................................... 3

*In re Williams Cos. ERISA Litig.*,
   2002 U.S. Dist. Lexis 27691 (N.D. Ok. Oct. 28, 2002) ............................ 4

*Percodani v. Riker-Maxson Corp.*,
   51 F.R.D. 263 (S.D.N.Y. 1970) ...................................................... 4

*United States Trust Co. of New York v. Alpert*,
   163 F.R.D. 409 (S.D.N.Y. 1995) .................................................... 4

## STATUTES AND RULES

Fed. Rule Civ. Proc.

   Rule 23(g) ................................................................... 1-3, 8

   Rule 23(g)(1)(A) ............................................................... 4

   Rule 23(g)(1)(B) ............................................................... 4

   Rule 23(g)(2)(A) ............................................................... 3

## OTHER AUTHORITIES

Fed. R. Civ. P. 23(g) advisory committee notes (2003 Amendments). ................ 4

*Manual for Complex Litigation* (Third) § 20.224 (1995) ........................... 4



LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873

ii

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on **August 22, 2008 at 9:00 a.m.** or as soon as the matter may be heard before the Honorable Jeffrey S. White of the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, 17th Floor, Courtroom 2, San Francisco, CA 94102, Plaintiff NUTS FOR CANDY will and hereby does move the Court for an order appointing the law firm of Cotchett, Pitre & McCarthy as Interim Lead Class Counsel for the putative class in this action. The putative class is defined as:

> All persons and entities in the United States who were required as a condition of their purchase of Webkinz to purchase products from Ganz's "core line" of products.

This motion is brought pursuant to Rule 23(g) of the Federal Rules of Civil Procedure as the appointment of Interim Lead Class Counsel is appropriate at this time to "fairly and adequately represent the interests of the class." This complex case will benefit from the appointment of a law firm with over forty years of antitrust and trial experience to serve as Interim Lead Class Counsel. The law firm of Cotchett, Pitre & McCarthy filed the first case concerning this subject matter, and has done extensive investigation into the underlying events giving rise to the claims. It is committed to this litigation and i has substantial resources to devote to the prosecution of the claims.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities which follows, the Declaration of Steven N. Williams, any papers filed in reply, and all papers and records on file in this matter.

DATED: July _____, 2008                **COTCHETT, PITRE & McCARTHY**

By: _____/s/ Steven N. Williams_____
STEVEN N. WILLIAMS
*Attorneys for Plaintiff and the Proposed Class*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firm of Cotchett, Pitre & McCarthy ("The Cotchett Firm") seeks appointment to serve as Interim Lead Class Counsel for the putative plaintiff class in this action involving allegations of illegal tying arrangements by Defendants which conditioned the sale of the Webkinz toy (the "tying" product") to retailers on a minimum purchase of $1,000 of products from Ganz's "core line" (the "tied Ganz products"). The proposed class is defined as:

> All persons and entities in the United States who were required as a condition of their purchase of Webkinz to purchase products from Ganz's "core line" of products.

The appointment of Interim Lead Class Counsel is appropriate here because it will assist in streamlining the conduct of this complex litigation. The Cotchett firm is more than qualified to serve as Interim Lead Class Counsel because of its experience in antitrust class actions. The firm has the resources and staffing to devote to litigation of this type. The firm has developed a working relationship with the defense firm that will be representing the defendants in this case, and will competently, efficiently, and effectively handle the claims of the class in order to secure a just and speedy resolution of their claims. *See* Fed. R. Civ. Proc. 1.

The Cotchett firm has a history of being on the forefront of the investigation and litigation of a wide array of complex antitrust claims, including those involving illegal tying arrangements, making the firm especially well qualified for this appointment. The Cotchett firm was counsel in *Kodak*, a tying case in the Northern District of California which resulted in a favorable settlement to the class. The firm is and has been has been lead counsel in many complex antitrust class actions, including *In re Air Passenger Antitrust Litigation* and *In re SRAM Antitrust Litigation*; two price-fixing actions which demand efficient management and organizational acumen.

The Cotchett firm is well-suited to handle the factual and legal issues that will arise in this case as a result of its investigation to date and its experience. With a national reputation as a law firm of able trial attorneys and decades of experience in managing and leading complex

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873       2

litigation, the firm offers skilled lawyers that will be able to serve the interests of the putative plaintiff class. Appointing the Cotchett firm as Interim Lead Counsel at this time will insure that the putative class action will be managed from the outset by a law firm with experience in prosecuting complex antitrust class actions in federal court and specifically in the Northern District of California.

## II.
## BACKGROUND

This action arises from the illegal acts of the Defendants in conditioning the sale of the Webkinz toy (the "tying" product") to retailers on a minimum purchase of $1,000 of products from Ganz's "core line" (the "tied Ganz products"). The core line consists of Ganz products unrelated to Webkinz, including lip gloss, magnets, and stuffed and rubber animals.

Ganz possesses sufficient power in the relevant product market to force Plaintiff and members of the Class into this tying arrangement. Ganz also possesses sufficient power in the relevant product market to appreciably restrain competition in the market where the tied Ganz products compete.

Plaintiff filed a complaint on behalf of the class on June 9th, 2008, and served both Ganz Inc. and Ganz U.S.A. LLC. The parties have agreed to a response date for the complaint and anticipate negotiating a schedule for any potential motion directed to the complaint.

## III.
## LEGAL ARGUMENT

A. **The Inquiry Under Rule 23(g) Focuses on the Experience, Knowledge, and Resources of Counsel**

Rule 23(g) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). Where, as here, there are multiple class actions pending, "appointment of class counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28607, *2-3 (S.D. Ill. May 10, 2006); *see also In re Cardinal Health, Inc. ERISA Litigation*, 225 F.R.D. 552, 554

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873         3

(S.D. Ohio 2005). The goal of the Court in considering this motion is to determine who will best represent the interests of the class, and who will best be able to accomplish the class action goals of efficiency and economy in doing so. *See Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

"An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As explained by the court *In re Williams Cos. ERISA Litig.*, 2002 U.S. Dist. Lexis 27691 (N.D. Ok. Oct. 28, 2002), the overriding interest of the court in appointing lead counsel is the vigorous protection of the class:

> In appointing lead counsel, "the overriding interest of the Court . . . is the vigorous protection of the rights of the . . . class." *United States Trust Co. of New York v. Alpert*, 163 F.R.D. 409, 423 (S.D.N.Y. 1995) (quoting *Percodani v. Riker-Maxson Corp.*, 51 F.R.D. 263 (S.D.N.Y. 1970)). Courts generally consider:
>
>> the attorney's experience; the attorney's skills and acumen; the attorney's resources, including staff; the attorney's reputation in the field; and the attorney's performance through the litigation to date. In addition, counsel's adequate representation of a class in the past is good evidence that she will adequately represent the class now.
>
> *United States Trust Co.*, 163 F.R.D. at 422-23 (citations omitted). Attorneys who are appointed or approved by the court to serve as designated counsel must have the "resources, commitment, and the qualifications to accomplish the assigned tasks." *Manual for Complex Litigation* (Third) § 20.224 (1995).

*Id.* at *7-8. Federal Rule of Civil Procedure Rule 23(g)(1)(A) also provides the factors the Court must consider in appointing lead counsel:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources counsel will commit to representing the class.

No single factor is determinative; all factors must be weighed to determine who can best represent the class. Fed. R. Civ. P. 23(g) advisory committee notes (2003 Amendments).


LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873**　　4

### B. The Cotchett Firm Possesses the Experience and Legal Acumen to Best Represent the Interests of the Class on an Efficient Basis

The Cotchett firm has more than forty years of litigation and trial experience, and is widely recognized as one of the top trial firms in the United States. The Cotchett firm specializes in the prosecution of difficult and complex antitrust, securities, and consumer fraud class actions. The firm has taken hundreds of cases to trial, and its attorneys are widely-recognized for their trial experience. Declaration of Steven N. Williams ("Williams Decl.") ¶ 5.

The Cotchett firm and its members have long practiced in the Northern District and have been selected as lead or co-lead counsel in the following antitrust cases:

- ***Kopies, Inc. et al v. Eastman Kodak Co.*** (N.D. Cal. Case No. 94-524 (SBA)). This antitrust class action by copier service firms against a parts manufacturer for illegal tying of products and services resulted in a successful settlement for the class.

- ***In re Citric Acid Antitrust Litigation*** (N.D. Cal. Master Case No. 95-2963 (FMS), MDL No. 1092). This antitrust class action for fixing prices of citric acid resulted in a substantial recovery for the direct purchasers of this food-additive product.

- ***In re Sodium Gluconate Antitrust Litigation*** (N.D. Cal. Case Nos. 97-4142 and 98-70 (CW), MDL No. 1226). This antitrust class action for price fixing of sodium gluconate, an industrial cleaning agent, resulted in a settlement on behalf of the class.

- ***In re Methionine Antitrust Litigation*** (N.D. Cal. Master Case No. 00-1311 (CRB), MDL No. 1311). This antitrust class action involving a conspiracy to fix prices for methionine resulted in settlements for the class.

Williams Decl. ¶ 13.

Cotchett and firm members served on the plaintiffs' Steering Committee in:

- ***In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*** (N.D. Cal. Master Case No. 02-1486 (PJH), MDL No. 1486). This antitrust class action involving DRAM memory chip price-fixing resulted in more than $300 million in settlements for the class.

Williams Decl. ¶ 14.

The Cotchett firm is also currently acting as lead or co-lead counsel in several pending antitrust cases, such as:

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873      5

- *In re International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal. Case No. 06-1793 (CRB), MDL No. 1793). An MDL class action challenging the price-fixing of air passenger tickets. Cotchett is Co-lead Counsel. A settlement with a value of over $200 million is set for a final approval hearing in September, 2008.

- *In re Air Cargo Shipping Services Litigation* (E.D.N.Y. Case No. 06-1775 (CBA), MDL No. 1775). An MDL class action challenging the price-fixing of air cargo shipments. Cotchett is Co-lead Counsel for the indirect purchaser class. To date, plaintiffs have reached an $85 million settlement with Lufthansa.

- *In re SRAM Antitrust Litigation* (N.D. Cal. Case No. 06-6511 (CW), MDL No. 1819). An MDL class action alleging the price-fixing of SRAM memory chips. Cotchett is Interim Lead Class Counsel for the direct purchaser class.

- *In re Flash Memory Antitrust Litigation* (N.D. Cal. Case No. 07-0086 (SBA), MDL No. 0086). An MDL class action alleging the price-fixing of Flash memory. CPM is Interim Co-lead Counsel for the indirect purchaser class.

- *In re Transpacific Passenger Air Transportation Antitrust Litigation*, (N.D. Cal. Case No. 07-cv-05634-CRB, MDL No. 1913). An MDL class action challenging the price-fixing of air passenger tickets for routes across the Pacific.

Williams Decl. ¶ 15.

The Cotchett firm is acknowledged by its peers for handling cases efficiently, effectively, and swiftly. This is a reason why large institutional investors, such as the California State Teachers Retirement System and The Regents of the University of California, have selected the firm as counsel in some of their most important cases. Williams Decl. ¶ 6.

*The National Law Journal* has reported that the firm and its members are regarded by both plaintiff and defense attorneys as some of the foremost trial lawyers in the nation, and the *Daily Journal* has recently named the firm one of the top law firms in Northern California – the only plaintiffs class action firm so named. The attorneys and paralegals working on the case will be people with substantial experience in the antitrust field and detailed knowledge of practices in the Northern District. Williams Decl. ¶ 7.

**Joseph W. Cotchett,** would head-up and supervise the team of attorneys at the Cotchett firm. His background is set forth in the Declaration of Steven N. Williams filed contemporaneously herewith.

LAW OFFICES
COTCHETT,
PITRE
& McCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873

6

The following individuals would also be working on the case:

Partner **Steven N. Williams** has over fifteen years of experience litigating antitrust, securities, and consumer class actions. He has served as lead or co-counsel in several nationwide class actions, including *Kopies Inc., et al. v. Eastman Kodak Co.*, an antitrust class action in the Northern District of California arising from an illegal tying arrangement, *In re Air Cargo Shipping Services Litigation*, an MDL price-fixing class action pending in the Eastern District of New York in which the firm is Co-Lead Counsel for the indirect purchaser class, as well as serving as lead counsel in *In re SRAM Antitrust Litigation*, and co-lead counsel in *In re International Air Transportation Surcharge Antitrust Litigation, In re Flash Memory Antitrust Litigation*, and *In re Transpacific Passenger Air Transportation Antitrust Litigation*, all currently pending in the Northern District of California. Williams has also played a leading role in complex natural gas antitrust litigation in state and federal courts in California. He has represented the California State Teachers' Retirement System, helping recover investment losses suffered by California's public school teachers, and has represented the Chief Justice of California, Ronald M. George, as well as the California Judicial Council and counties and cities throughout California. Williams Decl. ¶ 9.

Partner **Nancy L. Fineman**, has over 20 years of experience litigating and trying complex cases. She holds leadership roles in the coordinated Natural Gas Antitrust Litigation brought by many of California's counties, universities, and cities pending in the San Diego Superior Court and major litigation against Wachovia pending in the Central District of California. She serves as class counsel on behalf of the California State Teachers' Retirement System and the class in litigation against Homestore.com, and served as class counsel for cities and counties in lawsuits against PG&E arising out of franchise fee underpayments. She was on the Plaintiffs' Executive Committee for the Fen-Phen litigation and has represented numerous individuals and companies in both the prosecution and defense of complex cases. Williams Decl. ¶ 10.

Principal **Douglas Y. Park** is an experienced antitrust lawyer who plays a key role in the economic analysis of complex antitrust cases such as *In re Flash Memory Antitrust Litigation, In re SRAM Antitrust Litigation* and *In re: International Air Transportation Surcharge Antitrust*

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873            7

*Litigation.* Park has a PhD in Business from Stanford University as well as a law degree from the University of Michigan. Park has been a professor of Management at the School of Business and Management, Hong Kong University of Science and Technology prior to attending law school. Williams Decl. ¶ 11.

Principal **Matthew K. Edling** is an antitrust attorney who has been involved in prosecuting complex antitrust class action cases such as: *In re SRAM Antitrust Litigation, In re Korean Air Lines Co., Ltd. Antitrust Litigation,* and *In re Transpacific Passenger Air Transportation Antitrust Litigation.* Williams Decl. ¶ 12.

### C. The Cotchett Firm will Devote Substantial Resources and Efficiently Prosecute this Action

The Cotchett firm has more than 40 years of litigation experience and attorneys in offices in the Bay Area, Los Angeles, Washington D.C., and New York. The Cotchett firm has already devoted time to investigate the merits of this case. The firm possesses the resources and commitment to perform the substantial work necessary to investigate, analyze and prosecute this litigation through motion practice, discovery, class certification, and trial. The firm employs analysts and economists who will perform the necessary work concerning the economic and market issues in the case.

The firm possesses a strong staff of lawyers, paralegals, and investigators appropriate to handle a case of this magnitude. In addition, the Cotchett firm has decades of experience practicing before the Northern District and is familiar with its rules and practices. Thus, pursuant to Fed. Rule Civ. P. 23(g), the Cotchett firm provides the knowledge, resources and skill to best represent the interests of the plaintiff class.

### D. The Cotchett Firm Has Already Performed Substantial Work Investigating this Action

The Cotchett firm has already expended substantial time and effort towards identifying and investigating potential claims in this action, including extensive investigation into the factual background of the virtual toy market. Extensive research has been done towards gaining an understanding of the history, extent and nature of virtual toys, as well as learning about the specific commercial relationships.

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873                                    8

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff NUTS FOR CANDY respectfully submits that the appointment of the firm of Cotchett, Pitre & McCarthy as interim lead counsel pursuant to Fed. Rules Civ. Proc. 23(g) is in the best interests of the plaintiff class.

Dated: July 18, 2008

**COTCHETT, PITRE & McCARTHY**

By: __/s/ Steven N. Williams__
STEVEN N. WILLIAMS
Attorneys for Plaintiff and the Proposed Class

LAW OFFICES
COTCHETT,
PITRE
& McCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM LEAD COUNSEL, Case No. 3:08-CV-2873

9