LISA I. CARTEEN, Bar No. 204764
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:        lcarteen@bakerlaw.com

BRUCE O. BAUMGARTNER, Bar No. 0025701 (*Pro Hac Vice*)
ROBIN E. HARVEY, Bar No. 0014183 (*Pro Hac Vice*)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4072
Telephone:    513.929.3400
Facsimile:    513.929.0303
Email:        bbaumgartner@bakerlaw.com
              rharvey@bakerlaw.com

LEE H. SIMOWITZ, Bar No. 185728 (*Pro Hac Vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036-5304
Telephone:    202.861.1500
Facsimile:    202.861.1783
Email:        lsimowitz@bakerlaw.com

Attorneys for Defendants
GANZ, INC. and GANZ U.S.A., LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTS FOR CANDY, a Sole Proprietorship, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GANZ, INC. and GANZ U.S.A., LLC,<br><br>Defendants. | Case No. CV 08-2873 JSW<br><br>**DEFENDANTS GANZ, INC. AND GANZ U.S.A., LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**<br><br>[Filed concurrently herewith Declaration of Lisa I. Carteen and [Proposed] Order in support thereof]<br><br>Date:    October 10, 2008<br>Time:    9:00 a.m.<br>Judge:   Hon. Jeffrey S. White<br>Ctrm:    Courtroom 2, 17th Floor |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Defendants Ganz, Inc., a Delaware Corporation, and its related company Ganz U.S.A.,

3  LLC (collectively referred to as "Ganz") submit their Opposition to the motion by Plaintiff Nuts

4  for Candy for entry of an order appointing the law firm of Cotchett, Pitre & McCarthy *interim*

5  lead class counsel for the putative class before determining whether to certify the action as a class

6  action.

7  **I.      INTRODUCTION**

8      Nuts for Candy's Motion for Appointment of Interim Lead Counsel ("Motion") is

9  premature and unnecessary to "protect the interests of class members," (Motion at 3:25-27) for

10  two reasons, each of which warrants the Court's denial of the Motion.  First, this Court has yet to

11  determine whether the putative class warrants certification and such a determination may never be

12  made.  Ganz contends in its pending Motion to Dismiss that the "class" described in Nuts for

13  Candy's Motion cannot state a claim under controlling U.S. Supreme Court and Ninth Circuit

14  antitrust decisions.  The Court's consideration of this Motion prior to a ruling on Ganz's Motion

15  to Dismiss and a class certification hearing is premature since the viability of the putative class

16  has yet to be determined.  If Ganz's Motion to Dismiss is granted, it is axiomatic that there is no

17  need for class counsel, much less *interim* class counsel.

18      Second, Nuts for Candy's purported grounds for the appointment of lead counsel do not

19  require, or even suggest that this Court should take the extraordinary step of appointing *interim*

20  lead counsel pursuant to Federal Rule of Civil Procedure 23(g).  To the contrary, this Court's

21  recent and controlling decisions demonstrate that the circumstances warranting appointment of

22  *interim* lead counsel are not present in this case.

23  **II.      STATEMENT OF RELEVANT FACTS**

24      Nuts for Candy, a sole proprietorship selling chocolates, candy, toys, gifts and ice cream,

25  filed a legally baseless Complaint asserting Ganz imposed on it and other alleged members of a

26  purported class a *per se* unlawful tying arrangement in violation of the Sherman Act, 15 U.S.C.

27  Sec. 1, and the Clayton Act, 15 U.S.C. Sec. 14.  Plaintiff claims that Ganz adopted and

28  implemented a "co-order" policy and Loyalty Program requiring some of Ganz's customers to

BAKER & HOSTETLER  LLP
ATTORNEYS  AT LAW
LOS ANGELES

DEFENDANTS GANZ, INC. AND GANZ U.S.A., LLC'S
OPPOSITION TO PLAINTIFF'S MOTION FOR
APPOINTMENT OF INTERIM LEAD COUNSEL

1  purchase any of Ganz's other products "unrelated to Webkinz" when they placed initial orders for

2  Ganz's popular Webkinz products.  Plaintiff's Complaint ¶ 2.

3       Accordingly, Plaintiff's definition of the "proposed class" is:  "All persons and entities in

4  the United States who were required as a condition of their purchase of Webkinz to purchase

5  products from Ganz's "core line" of products."  Motion at 2:10-11.  Plaintiff has not filed a

6  motion to certify the purported class.  And, although there are similar actions pending in other

7  federal courts,[1] this is the only action where a motion seeking appointment of *interim* lead

8  counsel has been filed.  Declaration of Lisa I. Carteen ("Carteen Decl.") ¶¶ 2, 3 and Exhibits A

9  and B attached thereto.

10      On or about July 24, 2008, Nuts for Candy filed with the Joint Panel for Multidistrict

11  Litigation a Motion for Transfer and Consolidation of Related Actions to the Northern District of

12  California Pursuant to 28 U.S.C. § 1407 for Coordinated Consolidated Pretrial Proceedings.

13  ("MDL Petition").  Carteen Decl. ¶¶ 6, 7 and Exhibits C and D.

14      Based on the procedural posture of this case, specifically, Ganz's pending Motion to

15  Dismiss, and the legal reasons set out below, the Court should not appoint *interim* class counsel

16  and should deny Nuts for Candy's Motion.

17  III.  **ARGUMENT**

18      A.    **With Ganz's Pending Motion To Dismiss, The Appointment Of Interim Lead**
             **Counsel Is Premature**
19

20      Although Federal Rule of Civil Procedure 23(g) provides that "the Court may designate

21  interim counsel to act on behalf of the putative class before determining whether to certify the

22  action as a class action," the determination of class counsel is routinely made when and *if* the

23  Court certifies the class.  Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must

24  . . . appoint class counsel under Rule 23(g).").  Plaintiff has not yet filed a motion for class

25  certification.  And, such a motion will not be necessary if this Court grants Ganz's Motion to

26

---

[1] See *Cortes County Stores, Inc., d/b/a Freetown Trading Post v. Ganz, Inc. and Ganz U.S.A., LLC*, United States
27  District Court for the District of Massachusetts, Civil Action No. 08-11184-RGS and *Scott and Sherri Comstock
    d/b/a/ The Cheshire Cat and The Spotted Crocodile v. Ganz, Inc., and Ganz U.S.A., LLC*, United States District Court
28  for the Northern District of Illinois, Civil Action No. 08-CV-04167. Carteen Decl. ¶¶ 2-5 and Exhibits A and B.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Dismiss for which this Court has set a briefing schedule and a hearing on November 7, 2008, less

2   than a month after the October 10 hearing on this Motion.

3       Ganz's Motion to Dismiss should be decided prior to the Court's consideration of either

4   the class allegations or this Motion because if the Court grants the relief Ganz is seeking it will

5   obviate the need for the Court's requisite comprehensive analysis of whether The Cotchett Firm

6   has the "ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P.

7   23(g)(1)(B).

8       Ganz contends that Plaintiff's Complaint is incurably defective and that the Complaint's

9   flaws do not simply reflect a failure of pleading; rather, they betray the absence of any plausible

10  facts that could support an antitrust claim, requiring dismissal of the Complaint with prejudice.

11  *See Rick-Mik Enterprises, Inc.*, 2008 U.S. App. LEXIS 14761 at *6 (9th Cir. July 11, 2008) ("[I]n

12  antitrust matters, '[f]actual allegations must be enough to raise a right to relief above the

13  speculative level[.]' *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1965 (2007) (citations

14  omitted). '[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires

15  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

16  will not do[.]'") Thus, it is in the interest of judicial economy for this Court to rule on Ganz's

17  Motion to Dismiss before proceeding with issues involving class certification such as the instant

18  Motion.

19      **B.    Interim Lead Counsel Is Not Necessary To Protect The Interests Of Putative
            Class Members**

20

21      Federal Rule of Civil Procedure 23(g) authorizes a court to designate interim counsel

22  during the pre-certification period "if necessary to protect the interests of the putative class." Fed.

23  R. Civ. P. 23(g)(2)(A) Advisory Committee Notes of 2003 amends.; *see also White v.*

24  *TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006).

25      Nuts for Candy's Motion generally states two reasons why The Cotchett Firm should be

26  appointed *interim* lead counsel:  (1) to "assist in streamlining the conduct of this complex

27  litigation;" (Motion at 2:12-13) and (2) to "insure that the putative class action will be managed

28  from the outset by a law firm with experience in prosecuting complex antitrust actions in federal

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    court and specifically the Northern District of California." (Motion at 3:2-5). Neither of the

2    purported grounds have any merit, let alone warrant this Court taking the extraordinary step of

3    appointing The Cotchett Firm *interim* lead counsel.

4          Contrary to Nuts for Candy's assertion, appointment of *interim* lead counsel is more likely

5    to complicate this litigation, as opposed to "assist in streamlining" it. Motion at 2:12-13. Those

6    cases in which *interim* counsel is appointed "are typically those in which a large number of

7    putative class actions have been consolidated or are otherwise pending before a *single* court."

8    *White*, 239 F.R.D. at 683 (emphasis added). If the lawyer who filed the lawsuit is the only lawyer

9    seeking appointment as class counsel, the appointment of *interim* class counsel is unnecessary

10   because the pre-class-certification work is generally handled by that attorney. *See Parrish v.*

11   *National Football League Players, Inc.*, 2007 LEXIS 43732 at *9, 25-26 (N.D. Cal. June 4,

12   2007).

13         Here, there are not multiple actions pending before the same court; rather, there is a *single*

14   action pending in this Court. Formal appointment of *interim* class counsel is not needed to insure

15   that The Cotchett Firm is acting in the best interests of the putative class as a whole. As counsel

16   of record for the putative class, The Cotchett Firm *must* act in the best interests of the class as a

17   whole, regardless of formal appointment as *interim* class counsel. Fed. R. Civ. P. 23(g)(2)(A),

18   Advisory Committee Notes of 2003 amends. Thus, Nuts for Candy's assertion that the

19   appointment of *interim* counsel is necessary to "insure that the putative class action will be

20   managed from the outset by a law firm with experience in prosecuting complex antitrust actions

21   in federal court and specifically the Northern District of California" (Motion, 3:2-5) is not

22   grounds to appoint The Cotchett Firm as lead counsel at this juncture in the proceedings.

23         Critical for its Motion, Nuts for Candy assumes that the putative class will be certified.

24   As evidenced by Ganz's Motion to Dismiss, this is not a foregone conclusion. Nuts for Candy's

25   opposition to Ganz's Motion is due August 19. Subsequently, the Court will determine whether

26   this action should proceed at all. For this reason alone, Plaintiff's Motion should be denied.

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS GANZ, INC. AND GANZ U.S.A., LLC'S
OPPOSITION TO PLAINTIFF'S MOTION FOR
APPOINTMENT OF INTERIM LEAD COUNSEL

IV.    **CONCLUSION**

One word sums up why Plaintiff's Motion should be denied.  That word is *premature*.  Accordingly, Nuts for Candy's Motion to appoint The Cotchett Firm as *interim* lead counsel should be denied.

Dated:   August 8, 2008                      Respectfully submitted,

BAKER & HOSTETLER LLP
LISA I. CARTEEN
BRUCE O. BAUMGARTNER
ROBIN E. HARVEY
LEE H. SIMOWITZ


/s/ Lisa I. Carteen
Lisa I. Carteen

Attorneys for Defendants
GANZ, INC. and GANZ U.S.A., LLC

501999791.5

1   LISA I. CARTEEN, Bar No. 204764
    BAKER & HOSTETLER LLP
2   12100 Wilshire Boulevard, 15th Floor
    Los Angeles, California  90025-7120
3   Telephone:      310.820.8800
    Facsimile:       310.820.8859
4   Email:           lcarteen@bakerlaw.com

5   BRUCE O. BAUMGARTNER, Bar No. 0025701 (*Pro Hac Vice*)
    ROBIN E. HARVEY, Bar No. 0014183 (*Pro Hac Vice*)
6   BAKER & HOSTETLER LLP
    312 Walnut Street, Suite 3200
7   Cincinnati, Ohio 45202-4072
    Telephone:      513.929.3400
8   Facsimile:       513.929.3600
    Email:           bbaumgartner@bakerlaw.com
9                    rharvey@bakerlaw.com

10  LEE H. SIMOWITZ, Bar No. 185728 (*Pro Hac Vice*)
    BAKER & HOSTETLER LLP
11  1050 Connecticut Avenue, NW, Suite 1100
    Washington, DC 20036-5304
12  Telephone:      202.861.1500
    Facsimile:       202.861.1783
13  Email:           lsimowitz@bakerlaw.com
    Attorneys for Defendants
14  GANZ, INC. and GANZ U.S.A., LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17

18  NUTS FOR CANDY, a Sole                     Case No.  CV 08-2873 JSW
    Proprietorship, individually and on behalf
19  of all others similarly situated,          **DECLARATION OF LISA I. CARTEEN IN
                                               SUPPORT OF DEFENDANTS GANZ, INC.
20              Plaintiff,                     AND GANZ U.S.A., LLC'S OPPOSITION
                                               TO PLAINTIFF'S MOTION FOR
21  v.                                         APPOINTMENT OF INTERIM LEAD
                                               COUNSEL**
22  GANZ, INC. and GANZ U.S.A., LLC,
                                               [Filed concurrently herewith Defendants'
23              Defendants.                    Opposition to Plaintiff's Motion for
                                               Appointment of Interim Lead Counsel and
24                                             [Proposed] Order in support thereof]

25                                             Date:        October 10, 2008
                                               Time:        9:00 a.m.
26                                             Judge:       Hon. Jeffrey S. White
                                               Ctrm:        Courtroom 2, 17th Floor
27

28

I, Lisa I. Carteen, declare as follows:

1.     I am an attorney duly licensed and authorized to practice before this Court.  I am a partner in the law firm Baker & Hostetler LLP, attorneys of record for Defendants GANZ, INC. and GANZ U.S.A., LLC ("Defendants") in the above matter.  I make this declaration, based on my personal knowledge, in support of Defendants' Opposition to Plaintiff's Motion for Appointment of Interim Lead Counsel ("Motion").  If called upon to do so, I could and would personally and competently testify to the following facts.

2.     I have reviewed the Court's docket in the matter of *Cortes County Stores, Inc., d/b/a Freetown Trading Post v. Ganz, Inc. and Ganz U.S.A., LLC*, United States District Court for the District of Massachusetts, Civil Action No. 08-11184-RGS (the "Massachusetts Case") and determined that Plaintiff's counsel has not filed a motion for appointment of interim lead counsel.

3.     I have reviewed the Court's docket in the matter of *Scott and Sherri Comstock d/b/a/ The Cheshire Cat and The Spotted Crocodile v. Ganz, Inc., and Ganz U.S.A., LLC*, United States District Court for the Northern District of Illinois, Civil Action No. 08-CV-04167 (the "Illinois Case") and determined that Plaintiff's counsel has not filed a motion for appointment of interim lead counsel.

4.     Attached hereto as Exhibit A is a true and correct copy of the Court's docket in the Massachusetts Case.

5.     Attached hereto as Exhibit B is a true and correct copy of the Court's docket in the Illinois Case.

6.     Attached hereto as Exhibit C is a true and correct copy of Plaintiff's Motion for Transfer and Consolidation of Related Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 For Coordinated or Consolidated Pretrial Proceedings ("Plaintiff's Motion for Transfer").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    7.    Attached hereto as Exhibit D is a true and correct copy of a letter from the Judicial

2    Panel on Multidistrict Litigation dated July 30, 2008 providing notice of the Panel's filing of

3    Plaintiff's Motion for Transfer.

4    I declare under the penalty of perjury under the laws of the United States of America that

5    the foregoing is true and correct.

6    Executed on August 8, 2008, in Los Angeles, California.

7

8                                         /s/ Lisa I. Carteen
                                          _____
9                                         Lisa I. Carteen

502006146.3

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A



● **Query** ● **Reports** ● **Utilities** ● **Logout**

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:08-cv-11184-RGS

Cortes Country Stores, Inc. v. Ganz, Inc. et al
Assigned to: Judge Richard G. Stearns
Cause: 15:1 Antitrust Litigation

Date Filed: 07/11/2008
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

#### Plaintiff

**Cortes Country Stores, Inc.**
*Individually and on behalf of all others*
*similarly situated*
*doing business as*
Freetown Trading Post

represented by **Andrew J. Garcia**
Phillips & Garcia, LLP
13 Ventura Drive
North Dartmouth, MA 02747
508-998-0800
Fax: 508-998-0919
Email: agarcia@phillipsgarcia.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

#### Plaintiff

**Nuts for Candy**

represented by **Steven N. Williams**
Cotchett, Pitre & McCarthy
840 Malcolm Road
Suite 200
Burlingame, CA 650-697-6000
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

#### Defendant



EXHIBIT A
PAGE 1

Ganz, Inc.                            represented by  **A. John Pappalardo**
                                                      Greenberg Traurig, LLP
                                                      One International Place
                                                      Boston, MA 02110
                                                      617-310-6072
                                                      Fax: 617-310-6001
                                                      Email: pappalardoj@gtlaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Annapoorni R. Sankaran**
                                                      Greenberg Traurig LLP
                                                      One International Place
                                                      Boston, MA 02110
                                                      617-310-6000
                                                      Fax: 617-310-6001
                                                      Email: sankarana@gtlaw.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Ganz USA, LLC**                     represented by  **A. John Pappalardo**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Annapoorni R. Sankaran**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/05/2008 |  | Judge Richard G. Stearns: Electronic ORDER entered granting 10 Motion for Extension of Time to Respond to Plaintiff's Complaint pending resolution of Defendants' Emergency Motion to Stay Proceedings. (Zierk, Marsha) (Entered: 08/05/2008) |
| 08/04/2008 | 10 | Emergency MOTION for Extension of Time *to Respond to Plaintiffs' Complaint Pending Resolution of Defendants' Emergency Motion to Stay Proceedings* by Ganz, Inc., Ganz USA, LLC.(Sankaran, Annapoorni) (Entered: 08/04/2008) |

**EXHIBIT** A

**PAGE** 2

| 08/04/2008 | 9 | DECLARATION re 7 Emergency MOTION to Stay *Proceedings Pending Resolution of Motion for Transfer and Consolidation Before the Judicial Panel for Multidistrict Litigation* by Ganz, Inc., Ganz USA, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T)(Sankaran, Annapoorni) (Entered: 08/04/2008) |
| --- | --- | --- |
| 08/04/2008 | 8 | MEMORANDUM in Support re 7 Emergency MOTION to Stay *Proceedings Pending Resolution of Motion for Transfer and Consolidation Before the Judicial Panel for Multidistrict Litigation* filed by Ganz, Inc., Ganz USA, LLC. (Sankaran, Annapoorni) (Entered: 08/04/2008) |
| 08/04/2008 | 7 | Emergency MOTION to Stay *Proceedings Pending Resolution of Motion for Transfer and Consolidation Before the Judicial Panel for Multidistrict Litigation* by Ganz, Inc., Ganz USA, LLC. (Attachments: # 1 Text of Proposed Order)(Sankaran, Annapoorni) (Entered: 08/04/2008) |
| 08/04/2008 | 6 | NOTICE of Appearance by Annapoorni R. Sankaran on behalf of Ganz, Inc., Ganz USA, LLC (Sankaran, Annapoorni) (Entered: 08/04/2008) |
| 08/04/2008 | 5 | NOTICE of Appearance by A. John Pappalardo on behalf of Ganz, Inc., Ganz USA, LLC (Pappalardo, A.) (Entered: 08/04/2008) |
| 07/28/2008 | 4 | CORPORATE DISCLOSURE STATEMENT by Cortes Country Stores, Inc.. (Garcia, Andrew) (Entered: 07/28/2008) |
| 07/25/2008 | 14 | AFFIDAVIT in Support re 11 MOTION to Transfer Case. (Flaherty, Elaine) (Entered: 08/06/2008) |
| 07/25/2008 | 13 | CORPORATE DISCLOSURE STATEMENT by Nuts for Candy. (Flaherty, Elaine) (Entered: 08/06/2008) |
| 07/25/2008 | 12 | MEMORANDUM in Support re 11 MOTION to Transfer Case filed by Nuts for Candy. (Flaherty, Elaine) (Entered: 08/06/2008) |
| 07/25/2008 | 11 | MOTION to Transfer Case and consolidate related actions to the Northern District of CA pursuant to 28 U.S.C. Sec. 1407 for coordinated or consolidated pretrial proceedings by Nuts for Candy, filed.(Flaherty, Elaine) (Entered: 08/06/2008) |



EXHIBIT 4

PAGE 3

| 07/24/2008 | 3 | AFFIDAVIT OF SERVICE Executed by Cortes Country Stores, Inc.. Ganz USA, LLC served on 7/15/2008, answer due 8/4/2008. Acknowledgement filed by Cortes Country Stores, Inc.. (Garcia, Andrew) (Entered: 07/24/2008) |
| 07/14/2008 | | Filing fee/payment: $ 350.00, receipt number BST 004740 for 1 Complaint (Russo, Patricia) (Entered: 07/14/2008) |
| 07/11/2008 | 2 | Summons Issued as to Ganz, Inc., Ganz USA, LLC. Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service. (Edge, Eugenia) (Entered: 07/11/2008) |
| 07/11/2008 | | ELECTRONIC NOTICE of Case Assignment. Judge Richard G. Stearns assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Collings (Edge, Eugenia) (Entered: 07/11/2008) |
| 07/11/2008 | 1 | COMPLAINT against Ganz, Inc., Ganz USA, LLC, filed by Cortes Country Stores, Inc.. (Attachments: # 1 Civil Cover Sheet and Category Sheet) (Edge, Eugenia) (Entered: 07/11/2008) |

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">08/08/2008 00:24:47</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>bh0107</td><td><strong>Client Code:</strong></td><td>035702-000044/5493</td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>1:08-cv-11184-RGS</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>2</td><td><strong>Cost:</strong></td><td>0.16</td></tr>
</table>

EXHIBIT 4
PAGE 4

# EXHIBIT B

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:08-cv-04167

Comstock et al v. Ganz, Inc. et al
Assigned to: Honorable Charles P. Kocoras
Cause: 15:1 Antitrust Litigation

Date Filed: 07/22/2008
Jury Demand: Plaintiff
Nature of Suit: 370 Personal Prop.:
Fraud or Truth-In-Lending
Jurisdiction: Federal Question

### Plaintiff

**Scott Comstock**

represented by **Arthur S. Gold**
Gold & Coulson
11 South LaSalle Street
Suite 2402
Chicago, IL 60603
(312) 372-0777
Email: asg@gcjustice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul G. Hamel**
PAUL G. HAMEL, ESQUIRE
1020 Tucker Road
Dartmouth, MA 02747
(774) 263-1756
Email: paulhamel@comcast.net
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Sherri Comstock**
*doing business as*
The Chesire Cat

represented by **Arthur S. Gold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul G. Hamel**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

EXHIBIT  B
PAGE  5

**The Spotted Crocodile**

represented by **Arthur S. Gold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul G. Hamel**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ganz, Inc.**

represented by **Daniel D Rubinstein**
Greenberg Traurig, LLP
77 W. Wacker Drive
Suite 2500
Chicago, IL 60601
Email: rubinsteindd@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn A. Dugan**
Greenberg Traurig, LLP
77 W. Wacker Drive
Suite 2500
Chicago, IL 60601
312 456 8400
Email: dugank@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ganz USA, LLC**

represented by **Daniel D Rubinstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn A. Dugan**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

EXHIBIT  6
PAGE  6

| 08/07/2008 | 17 | ATTORNEY Appearance for Defendants Ganz, Inc., Ganz USA, LLC by Kathryn A. Dugan (Dugan, Kathryn) (Entered: 08/07/2008) |
| 08/04/2008 | 16 | NOTICE of Motion by Daniel D Rubinstein for presentment of motion to stay 13 before Honorable Charles P. Kocoras on 8/20/2008 at 09:30 AM. (Rubinstein, Daniel) (Entered: 08/04/2008) |
| 08/04/2008 | 15 | DECLARATION of Daniel D. Rubinstein (Attachments: # 1 Exhibit A-E, # 2 Exhibit F-S)(Rubinstein, Daniel) (Entered: 08/04/2008) |
| 08/04/2008 | 14 | MEMORANDUM by Ganz, Inc., Ganz USA, LLC in support of motion to stay 13 (Rubinstein, Daniel) (Entered: 08/04/2008) |
| 08/04/2008 | 13 | MOTION by Defendants Ganz, Inc., Ganz USA, LLC to stay *Pending Resolution of Motion for Transfer and Consolidation Before the Judicial Panel for Multidistrict Litigation* (Attachments: # 1 Text of Proposed Order) (Rubinstein, Daniel) (Entered: 08/04/2008) |
| 08/01/2008 | 12 | ATTORNEY Appearance for Defendants Ganz, Inc., Ganz USA, LLC by Daniel D Rubinstein (Rubinstein, Daniel) (Entered: 08/01/2008) |
| 08/01/2008 | 11 | SUMMONS Returned Executed by Scott Comstock, Sherri Comstock as to Ganz USA, LLC served on 7/24/2008, answer due 9/22/2008 (Gold, Arthur) (Entered: 08/01/2008) |
| 07/26/2008 | 10 | MOTION by Plaintiffs Scott Comstock, Sherri Comstock, The Spotted CrocodileGranting of motion to appear Pro Hac Vice (HAMEL, PAUL) (Entered: 07/26/2008) |
| 07/25/2008 | 9 | MINUTE entry before the Honorable Charles P. Kocoras:Paul Hamel filed an application 8 for leave to appear pro hac vice on 7/25/2008. Said application was filed in blank. Accordingly, said application is denied without prejudice to refiling the completed document. Mailed notice (sct, ) (Entered: 07/25/2008) |
| 07/25/2008 | 8 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 07520000000002965273. (HAMEL, PAUL) (Entered: 07/25/2008) |
| 07/24/2008 | 7 | MOTION by Plaintiffs Scott Comstock, Sherri Comstock to certify class (Attachments: # 1 Exhibit)(Gold, Arthur) (Entered: 07/24/2008) |

EXHIBIT  6
PAGE  7

| 07/23/2008 | 6 | MINUTE entry before the Honorable Charles P. Kocoras: Status hearing set for 9/15/2008 at 09:30 AM. At the initial hearing, parties to report on the following: 1. Possibility of settlement. 2. If no possibility of settlement exists, the nature and length of discovery necessary to prepare the case for resolution. Plaintiff is directed to advise all other parties of the Court's action herein. Lead counsel for each party is required to attend the initial hearing.Mailed notice (sct, ) (Entered: 07/23/2008) |
| --- | --- | --- |
| 07/23/2008 | 5 | SUMMONS Issued 2 originals and 0 copies on 7/23/2008 as to Defendants Ganz, Inc., Ganz USA, LLC. (jmp, ) (Entered: 07/23/2008) |
| 07/22/2008 | 3 | ATTORNEY Appearance for Plaintiffs Scott Comstock, Sherri Comstock, The Spotted Crocodile by Arthur S. Gold. (jmp, ) (Entered: 07/23/2008) |
| 07/22/2008 | 2 | CIVIL Cover Sheet. (jmp, ) (Entered: 07/23/2008) |
| 07/22/2008 | 1 | COMPLAINT filed by Scott Comstock, Sherri Comstock, The Spotted Crocodile; Jury Demand. (Attachments: # 1 Exhibit A). (jmp, ) (Entered: 07/23/2008) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 08/07/2008 23:30:21 | | | |
| **PACER Login:** | bh0107 | **Client Code:** | 035702-000044/5493 |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-04167 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

EXHIBIT *B*
PAGE *8*

# EXHIBIT C

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE WEBKINZ ANTITRUST LITIGATION | : : : : | MDL Docket No. _____<br>Master File No. CV 08-02873 JSW<br>(N.D. Cal.) |

## PLAINTIFF'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

EXHIBIT C
PAGE 9

Plaintiff Nuts for Candy respectfully moves the Judicial Panel on Multidistrict Litigation (the "Panel") for Order, pursuant to Federal Rule of Civil Procedure 1 and 28 U.S.C. § 1407: (1) transferring all pending and future cases filed asserting similar or related claims to an action pending in the United States District Court for the Northern District of California, *Nuts for Candy v. Ganz, Inc. et al.,* No. CV 08-2873 (N.D. Cal.) ("*Nuts for Candy* Action"), filed June 9, 2008, and to the Hon. Jeffrey S. White; and (2) consolidating any similar or related cases with the *Nuts for Candy* Action.

In support of this Motion, Plaintiff states:

1.      Transfer and consolidation are proposed for pending actions and any future actions which arise out of the same conduct and allege virtually identical claims to the *Nuts For Candy* Action. The *Nuts For Candy* Action alleges that Defendants Ganz Inc. and Ganz U.S.A. LLC ("Ganz") conditioned the sale of the Webkinz toy (the "tying" product) to retailers on condition that they purchase at least $1,000 of products from Ganz's "core line" (the "tied" Ganz products).

2.      Plaintiff is aware of two similar actions filed by the same counsel, first in the United States District Court for the District of Massachusetts on July 11, 2007 ( No. CV 08-11184-RGS) and next in the Northern District of Illinois (No. CV 08-04167) on July 22, 2008. See Declaration of Steven N. Williams ("Williams Decl.") Exhs., D and F. Plaintiff moves the Panel for an order transferring these two cases to the Northern District of California.

3.      Plaintiff proposes that all related or similar actions filed outside the Northern District of California be transferred to the Northern District of California and that all related or similar actions be consolidated with the *Nuts For Candy* Action currently pending in that District.

1

EXHIBIT  C
PAGE  10

4.    The centralization of these actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interests of justice because all actions involve common factual and legal issues, including:

(a)    The definition of the relevant product market for Webkinz;

(b)    Whether Ganz implemented an illegal tying arrangement that conditioned retailers' ability to purchase Webkinz on their purchase of a specified, minimum dollar amount of the tied Ganz products in the United States in violation of Section 1 of the Sherman Act;

(c)    Whether plaintiff and the other members of the Class were injured by reason of Ganz's unlawful conduct; and

(d)    The appropriate measure of damages sustained by Plaintiff and other Class members.

5.    While the *Nuts For Candy* Action is in the early stages of litigation, Counsel for Plaintiff and Defendants have begun the meet and confer process concerning initial disclosures, early settlement, and discovery plan as required by the local Civil Rules for the Northern District of California and Fed. R. Civ. P. 26(f). In all cases counsel have agreed upon a schedule for motions directed at Plaintiff's complaint and counsel for Plaintiff have moved for appointment as interim lead counsel pursuant to Fed. R. Civ. Proc. 23(g).

6.    Consolidation of all future related or similar actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently. The proposed transfer to and consolidation in the Northern District of California will serve the

2



EXHIBIT    C
PAGE    11

convenience of the parties and witnesses and will promote the just and efficient conduct of these actions because it is expected interim lead counsel will be appointed in the action and the interim lead counsel will direct the litigation, including discovery, pretrial preparation, and trial.

7.    Because of the common facts and similar legal claims, relevant discovery in both sets of actions lends itself to consolidating in a single forum. Additionally, Ganz's principal place of business is not in any of the three forums, so the convenience of the parties would not be impaired by consolidating the litigation in the Northern District of California.

8.    The Northern District of California also has the resources and judicial expertise to properly conduct the case. The Northern District of California has an extremely capable bench and has been assigned many multidistrict litigations. See Williams Decl. Exhs. H and K.

9.    In comparison to other potential transferee forums, the court docket for the Northern District of California is more efficient. The median time from civil case filing to disposition in the Northern District of California is 7.4 months, the time from filing to trial is 25 months, and only 7.3% of all pending cases in that District are more than three years old. There are zero vacant judgeship months in the Northern District of California. Williams Decl., Exh. H.

10.    The Federal Court Management Statistics for 2006 reveal that the median time in the Massachusetts District Court from filing to disposition is 9.0 months, the time from filing to trial is 28.0 months, and the District's docket is more congested than the Northern District of California's, with 15.3% of the cases pending being more than three years old. Williams Decl., Exh. I. Additionally, while the median time in the Northern District of Illinois from filling to disposition is 6.5 months, the time from filing to trial is 26.4 months and the District's docket is slightly more congested than the Northern District of California's, with 7.4% of the cases pending more than three years old. Additionally, the Northern District of Illinois has

3

EXHIBIT   C

PAGE   12

5.7 months of vacant judgeships and a history of even longer months of vacancy. Williams Decl., Exh. J.

11.    This motion is based upon this Notice, the Memorandum of Law, Schedule of Actions, the Declaration of Steven N. Williams, on the Complaints filed in the individual actions subject to this motion to transfer, and upon the docket records and other such records of the Courts involved in this litigation.

WHEREFORE, Plaintiff respectfully requests that the Panel order that all pending and future actions asserting related or similar claims filed outside the Northern District of California be transferred to the Northern District of California and assigned to Judge Jeffrey S. White, and all related or similar actions be consolidated with the *Nuts for Candy* Action for coordinated pretrial proceedings.

Dated: July 24, 2008

**COTCHETT, PITRE & McCARTHY**

By _____

Joseph W. Cotchett
Steven N. Williams
Nancy L. Fineman
Douglas Y. Park
Matthew K. Edling


840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Attorneys for Plaintiff Nuts for Candy in
*Nuts for Candy v. Ganz, Inc. et al.,*
No. CV 08-2873 (N.D. Cal.)

4

EXHIBIT C
PAGE 13

# EXHIBIT D

# UNITED STATES JUDICIAL PANEL
### on
# MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C.  20002

Telephone:  [202] 502-2800
Fax:            [202] 502-2888
http://www.jpml.uscourts.gov

July 30, 2008

Re:  MDL No. 1987 -- IN RE: Webkinz Antitrust Litigation

DOCUMENT FILED:   Motion of Plaintiff Nuts for Candy for Transfer of Actions to the Northern District of
California for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407

Dear Counsel:

Today we have filed the above-described motion.  Papers filed with the Panel and all correspondence MUST
bear the **DOCKET NUMBER** and **CAPTION ASSIGNED** by the Panel as noted above.

Enclosed is a summary of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D.
425 (2001).  Pursuant to Rule 5.2(c), you must notify this office within the next 11 days of the name and address of
the attorney designated to receive service of all papers relating to practice before the Panel.  **ONLY ONE
ATTORNEY SHALL BE DESIGNATED FOR EACH PARTY.**  We will prepare a Panel Attorney Service List on
the basis of the appearances received and transmit it to you for your use in complying with our service requirements.
**PLEASE COOPERATE BY PROMPTLY RETURNING  THE ENCLOSED APPEARANCE FORM.**

**APPEARANCE AND RULE 5.3 CORPORATE DISCLOSURE STATEMENT
ARE DUE NO LATER THAN NOON EASTERN TIME :  August 11, 2008**

Panel Rule 5.2(a) requires that responses to motions be served on ALL parties in ALL actions.  An
**ORIGINAL and FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in
Adobe Acrobat (PDF) format, are currently required for filing.

**RESPONSES DUE ON OR BEFORE:**          **August 19, 2008**

Panel Rule 7.2(i) requires any party or counsel in these actions to promptly notify this office of any potential
tag-along in which that party is also named or in which that counsel appears.

You will be notified when this matter has been scheduled for a hearing session before the Panel.  You must
file a response if you wish to participate in oral argument, if it is scheduled by the Panel.  Please carefully review
Panel Rule 16.1 dealing with hearing sessions.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

EXHIBIT _D_

PAGE _14_

Enclosures

JPML Form 22

## SUMMARY OF PANEL RULES – 199 F.R.D. 425 (2001)

[Revised July 30, 2007]

Responses and replies to motions or orders to show cause are to be filed and served in conformity with Rules 5.11, 5.12, 5.13, 5.2, 7.1, 7.2 and 7.3 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>. Please note the following:

**Address to:**
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

Telephone: 202/502-2800
Office Hours: 9 a.m. to 4 p.m.

FAX: 202/502-2888 (24 hours)
Website: www.jpml.uscourts.gov

**No papers are to be left with or mailed to a Judge of the Panel or his/her chambers for filing.**

Rule 5.12(a) identifies those documents which require an original only for filing. An original and four copies of motions, briefs, responses, etc., must be submitted for filing. Rule 5.12(d) states that papers requiring only an original may be faxed to the Panel office with prior approval. Papers requiring multiple copies will NOT be accepted via fax.

Rule 5.13 requires that whenever an original and four copies is required to be submitted for filing to the Clerk of the Panel pursuant to Rule 5.12(a), a copy of the paper must also be submitted on a computer generated disk in Adobe Acrobat (PDF) format.

Rule 5.2 requires that all papers filed with the Panel must be served on <u>all</u> parties in <u>all</u> actions involved in the litigation. If liaison counsel has been appointed by the transferee court in an existing MDL docket, this rule is satisfied by serving each party in each affected action and all liaison counsel. Recipients of a motion have ELEVEN (11) days (Rule 5.2(c)) to notify this office in writing of one attorney per party to receive service of future Panel pleadings filed in the litigation. A "Panel Service List" will be prepared and distributed by this office in compliance with Rule 5.2(d). A copy of this "Panel Service List" must be attached to the proof of service and supplemented in the event of the presence of additional parties or successor counsel.

Rule 5.3 requires any nongovernmental corporate party to file a Corporate Disclosure Statement within eleven days of the filing of a motion or order to show cause.

Rule 7.1 outlines the format for pleadings filed with the Panel and notes that the heading on the first page of each pleading shall commence not less than 3 inches from the top of the page. Each pleading shall bear the heading "Before the Judicial Panel on Multidistrict Litigation," the identification "MDL Docket No. ___" and the descriptive title designated by the Panel. For new litigations, movant should use an appropriate descriptive title. Papers may be fastened in the upper left corner without side binding or front or back covers. Each brief submitted for filing shall be <u>limited to twenty pages</u>, exclusive of exhibits. Exhibits exceeding 50 pages must be fastened separately from the accompanying pleading.

Review Rule 7.2 for identification of accompaniments to motions under 28 U.S.C. §1407. See Rule 6.2 for guidance on requesting extensions of time. Counsel are required by Rules 7.2(f) and 7.3(e) to advise the Panel of any developments in the litigation which would partially or completely moot a matter being considered by the Panel.

Rules 7.2(i), 7.3(a) and 7.5(e) require parties and counsel to notify the Panel of any potential tag-along actions in which they are involved.

← SEE OTHER SIDE FOR MORE INFORMATION →

EXHIBIT D
PAGE 15

Rule 16.1, "Hearing Sessions and Oral Argument," deals with the setting of matters for oral argument or for submission without oral argument, notices of appearance or waiver of oral argument, parties entitled to present oral argument, and time limits.

Please note in Rule 1.5 that pendency before the Panel does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

Copying and certification fees are charged in accordance with Rule 5.1 and are as follows: $.50 per page for copying, $9.00 per document for certification, $25.00 per diskette, and $26 for each name/item researched. Payment for copying and certification must be made by check or money order payable to the "Judicial Panel on Multidistrict Litigation." [Effective as of November 1, 2003]

---

Fasten documents in top,
left-hand corner

Start document
3" from top of page

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In re** [descriptive title used by Panel
or appropriate descriptive
title for new motion]          MDL No. _____

Identify document:          **MOTION**
                **BRIEF**   (limited to 20 pages -- giving
                        background of litigation; factual and legal
                        contentions of movant w/citation of
                        applicable authorities )
                **RESPONSE TO MOTION**
                        **REPLY**
        **EXHIBITS** (fastened separately if exceed 50 pages)

        ORIGINAL PLUS FOUR OF ALL PLEADINGS
EXCEPT original only of proof of service, notice of appearance,
corporate disclosure statement, notice of opposition, notice of
related action, application for extension of time, hearing
appearance/waiver.

---

### Schedule of Actions
[Must be attached to motions]

Include only related cases pending in FEDERAL DISTRICTS. Necessary information as follows:

        COMPLETE name of each case, listing
        full name of each party on district court's
        docket sheet  [Do NOT include "et als., etc."]
        DISTRICT in which case is pending
        DIVISION (or division number)
        CASE NUMBER
        Name of assigned JUDGE

DO NOT INCLUDE terminated actions or actions pending in state courts.

Notices or letters advising of RELATED ACTIONS or of TAG-ALONG ACTIONS must include this information. **One courtesy copy of each complaint and docket sheet would be helpful.**

---

### MOTIONS FILED WITH THE PANEL:
When a motion is filed, the Panel will send a letter to all recipients of the motion as notification of the filing date, MDL docket number and caption, briefing schedule and pertinent Panel policies.

### CALENDAR – CALENDAR – CALENDAR

**Appearances**: 11 days from filing of original motion
**Corporate Disclosure Statement**: 11 days from filing of motion
**Responses** to motion: 20 days
**Reply** to Responses (by movant): 5 days
**Oppositions** to Conditional Transfer Order: 15 days
**Motions to Vacate** Conditional Transfer Order:
        15 days (after opposition is filed)

# UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

**TO:**   United States Judicial Panel
     on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E., Room G-255
Washington, D.C.  20002

**THIS FORM MUST BE RETURNED TO
THE JUDICIAL PANEL NO LATER THAN
(Noon Eastern Time)**   August 11, 2008
**Panel Fax No.: (202) 502-2888**

MDL No. **1987** -- IN RE: **Webkinz Antitrust Litigation**

## NOTICE OF APPEARANCE

**PARTIES REPRESENTED (indicate plaintiff or defendant--attach list if necessary):**

**SHORT CASE CAPTION(s) (Include District(s), Civil Action No(s).-- attach list if necessary):**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated
attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice
before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s)/ defendant(s) indicated.  I am
aware that only one attorney can be designated for each party.

_____
Date

_____
Signature of Attorney or Designee

**Name and Address of Designated Attorney:**

Telephone No.: _____

Fax No.:_____

Email Address: _____

## ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING
A CERTIFICATE OF SERVICE WILL BE REQUIRED IF THE APPEARANCE IS RECEIVED AFTER THE DUE DATE PRINTED ABOVE

EXHIBIT   D
PAGE   17

JPML Form 18

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   NUTS FOR CANDY, a Sole                    Case No.  CV 08-2873 JSW
     Proprietorship, individually and on behalf
12   of all others similarly situated,         **[PROPOSED] ORDER DENYING**
                                               **PLAINTIFF'S MOTION FOR**
13                      Plaintiff,             **APPOINTMENT OF INTERIM**
                                               **LEAD COUNSEL**
14   v.
                                               [Filed concurrently herewith Defendants'
15   GANZ, INC. and GANZ U.S.A., LLC,          Opposition to Plaintiff's Motion for
                                               Appointment of Interim Lead Counsel and
16                      Defendants.            Declaration of Lisa I. Carteen in Support
                                               thereof
17
                                               Date:     October 10, 2008
18                                             Time:     9:00 a.m.
                                               Judge:    Hon. Jeffrey S. White
19                                             Ctrm:     Courtroom 2, 17th Floor

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2      The Motion of Plaintiff Nuts for Candy ("Plaintiff") for Appointment of Interim

3    Lead Counsel, came on regularly for hearing by the Court on October 10, 2008 at 9:00 a.m.

4    before the Honorable Jeffrey S. White.  Plaintiff was represented by Joseph Cotchett and Steven

5    Williams.  Defendants Ganz, Inc. and Ganz U.S.A., LLC ("Defendants") were represented by

6    Bruce O. Baumgartner and Robin E. Harvey.

7      Based upon the briefs, arguments of counsel and all other matters presented to the Court,

8    the Court finds as follows:

9      1.  Federal Rule of Civil Procedure 23(g) authorizes a court to designate interim

10   counsel during the pre-certification period if necessary to protect the interests of the putative

11   class.  Fed. R. Civ. P. 23(g)(2)(A), *Advisory Committee Notes of 2003 Amendments;*

12     2.  The appointment of interim counsel is typically only necessary when there are

13   multiple putative class actions that have been consolidated or are otherwise pending before the

14   same court with different plaintiffs' counsel.  *White v. TransUnion, LLC,* 239 F.R.D. 681, 683

15   (C.D. Cal. 2000);

16     3.  Currently before this Court, there is only one pending class action complaint and

17   the Cotchett Firm represents the putative class members in this action;

18     4.  As such, the Cotchett Firm must act in the best interests of the class as a whole and

19   appointment as interim counsel is unnecessary;

20     5.  The pending actions in other jurisdictions are not relevant to this Court's inquiry;

21     6.  Further, in light of Defendants' pending Motion to Dismiss, appointment of

22   interim counsel is premature and unnecessary.

23     **THEREFORE, IT IS HEREBY ORDERED** that:

24     1.  Plaintiff's Motion for Appointment of Interim Lead Counsel is denied.

25

26   Dated: _____

27             HONORABLE JEFFREY S. WHITE
               UNITED STATES DISTRICT COURT JUDGE

28   502006141.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION
                                         FOR APPOINTMENT OF INTERIM LEAD COUNSEL