Joseph W. Cotchett (36324)
jcotchett@cpmlegal.com
Steven N. Williams (175489)
swilliams@cpmelgal.com
Nancy L. Fineman (124970)
nfineman@cpmlegal.com
Douglas Y. Park (233398)
dpark@cpmlegal.com
Matthew K. Edling (250940)
medling@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:  (650) 697-0577

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NUTS FOR CANDY,** | Case No. **CV 08-2873 JSW** |
| Plaintiff, | **PLAINTIFF NUTS FOR CANDY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL** |
| vs. | |
| **GANZ, INC., et al.,** | |
| Defendants. | Date: October 10, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br>Courtroom: Courtroom 2, 17th Floor |

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

**PLAINTIFF NUTS FOR CANDY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. Given the Number of Pending Competing Suits, Appointment of Interim Class Counsel Is Appropriate to Protect the Interests of the Class . . . . . . . . . . . . . 2

    B. The Pending Motion to Dismiss is Not a Basis to Deny This Motion . . . . . . . . . 2

    C. The Cotchett Firm Possesses the Experience and Legal Acumen to Best Represent the Interests of the Class on an Efficient Basis. . . . . . . . . . . . . . . . . . . 3

    D. Application of Federal Rule of Civil Procedure 23(g)(3) Is Not Extraordinary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

**PLAINTIFF NUTS FOR CANDY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**                                                              i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Coleman v. General Motors Acceptance Corp.*,
    220 F.R.D. 64 (M.D. Tenn. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Donaldson v. Pharmacia Pension Plan*,
    2006 U.S. Dist. LEXIS 28607 (S.D. Ill. May 10, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Cardinal Health, Inc. ERISA Litigation*,
    225 F.R.D. 552 (S.D. Ohio 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATUTES AND RULES

15 U.S.C.

    § 1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    § 14.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.

    § 1407 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rules of Civil Procedure

    Rule 23(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Rule 23(g)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Rule 23(g)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Rule 23(g)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Rule 23(g)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## OTHER AUTHORITIES

*Manual for Complex Litigation, Fourth,* §21.11 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

**PLAINTIFF NUTS FOR CANDY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**    ii

# I.

# INTRODUCTION

The issue presented by this motion is whether it is appropriate to appoint interim lead counsel pursuant to Fed. R. Civ. P. Rule 23(g). For the reasons set forth herein, Plaintiff Nuts for Candy submits that it is appropriate, and that the motion should be granted.

Defendants Ganz, Inc. and Ganz U.S.A., LLC's (collectively referred to as "Ganz") opposition does not address Fed. R. Civ. P. 23(g)(2)(A) at all, and does not address the manner in which the Cotchett firm will adequately represent the interests of the class, and the fact that appointment of interim lead counsel would accomplish the class action goals of efficiency and economy. Instead, Ganz argues that ruling on Plaintiff Nuts For Candy's motion for appointment of interim lead counsel is premature for two reasons – because the Court has not ruled on Ganz's motion to dismiss and because the appointment of interim lead counsel is an extraordinary step. Neither of these arguments is a basis to deny this motion.

# II.

# STATEMENT OF RELEVANT FACTS

On June 9, 2008, Plaintiff Nuts for Candy filed a lawsuit in this Court alleging claims of unlawful tying arrangements in violation of the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. § 14. Declaration of Matthew K. Edling ("Edling Decl.") ¶ 1.

On July 11, 2008, Plaintiff Cortes Country Stores, Inc. filed a lawsuit in the Massachusetts District Court alleging that Ganz, Inc. and Ganz U.S.A. LLC participated in an illegal tying arrangement. The allegations in the complaint filed by Plaintiff Cortes Country Stores against Ganz are substantially identical to the allegations in the *Nuts for Candy* Action. Edling Decl. ¶ 2.

On July 22, 2008, Plaintiffs Scott and Sherri Comstock d/b/a The Cheshire Cat and The Spotted Crocodile, filed a lawsuit in the Northern District of Illinois, Eastern Division against Ganz, Inc. and Ganz U.S.A. LLC. The allegations in that complaint are substantially identical to those in the *Nuts for Candy* Action and in the Cortes Country Stores action. Edling Decl. ¶ 3.

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

**PLAINTIFF NUTS FOR CANDY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**   1

On July 30, 2008, Nuts for Candy filed with the Judicial Panel for Multidistrict Litigation a Motion for Transfer and Consolidation of Related Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated Consolidated Pretrial Proceedings. Edling Decl. ¶ 4.

### III.

### ARGUMENT

**A.   Given the Number of Pending Competing Suits, Appointment of Interim Class Counsel is Appropriate to Protect the Interests of the Class**

In cases where "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated...designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation, Fourth,* §21.11 (2004); *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28607, *2-3 (S.D. Ill. May 10, 2006); *see also In re Cardinal Health, Inc. ERISA Litigation*, 225 F.R.D. 552, 554 (S.D. Ohio 2005). The appropriate inquiry in considering appointment of interim class counsel is to determine who will best represent the interests of the class, and who will best be able to accomplish the class action goals of efficiency and economy. *See Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004). Ganz does not address any of these issues.

**B.   The Pending Motion to Dismiss is Not a Basis to Deny This Motion**

Ganz argues that its motion to dismiss should be decided prior to the Court appointing interim class counsel. Ganz provides no legal basis for this assertion. Interim class counsel is routinely appointed prior to ruling on motions to dismiss. As the *Manual for Complex Litigation* makes clear, interim class counsel is needed to ensure that the putative class members are adequately represented in motions that substantially affect their rights. *Id.* at §21.11. A motion to dismiss is certainly such a motion. The pending motion does not foreclose the inquiry into

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

**PLAINTIFF NUTS FOR CANDY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**                           2

whether appointment of interim lead counsel is appropriate to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

**C.    The Cotchett Firm Possesses the Experience and Legal Acumen to Best Represent the Interests of the Class on an Efficient Basis**

As set forth in plaintiff's motion – although unaddressed in Ganz's opposition – the factors to be considered in appointing interim lead counsel are:

(i)    the work counsel has done in identifying or investigating potential claims in the action;

(ii)   counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)   the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). As detailed in Plaintiff's motion for appointment, the Cotchett firm has more than forty years of litigation and trial experience, and is widely recognized as one of the top trial firms in the United States. The Cotchett firm is more than qualified to serve as Interim Lead Class Counsel because of its experience in antitrust class actions. The firm has the resources and staffing to devote to litigation of this type.

**D.    Application of Federal Rule of Civil Procedure 23(g)(3) Is Not Extraordinary**

Where there are competing suits pending in other courts designation of interim counsel insures responsibility for protecting the interests of the class. *Manual for Complex Litigation, Fourth,* §21.11 (2004). This is not an extraordinary step but a customary application of the Federal Rules of Civil Procedure.

### IV.

### CONCLUSION

Plaintiff's motion established that the appointment of interim lead counsel in the present case is appropriate, and defendant has not rebutted that showing. For the foregoing reasons, this motion should be granted.

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

**PLAINTIFF NUTS FOR CANDY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**    3

1 | Dated: August 15, 2008 **COTCHETT, PITRE & McCARTHY**

By:  `/s/ Steven N. Williams`
      STEVEN N. WILLIAMS

*Attorneys for Plaintiff and the Proposed Class*

LAW OFFICES
COTCHETT,
PITRE
& MCCARTHY

**PLAINTIFF NUTS FOR CANDY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**   4