1    JOSEPH W. COTCHETT (36324)
     jcotchett@cpmlegal.com
2    STEVEN N. WILLIAMS (175489)
     swilliams@cpmelgal.com
3    MATTHEW K. EDLING (250940)
     medling@cpmlegal.com
4    COTCHETT, PITRE & McCARTHY
     840 Malcolm Road, Suite 200
5    Burlingame, CA  94010
     Telephone:    (650) 697-6000
6    Facsimile:    (650) 697-0577

7    *Attorneys for Plaintiff*

8    LISA I. CARTEEN, Bar No. 204764
     lcarteen@bakerlaw.com
9    BAKER & HOSTETLER LLP
     12100 Wilshire Boulevard, 15th Floor
10   Los Angeles, California  90025-7120
     Telephone:    310.820.8800
11   Facsimile:    310.820.8859

12   BRUCE O. BAUMGARTNER, Bar No. 0025701      LEE H. SIMOWITZ, Bar No. 185728
     (*Pro Hac Vice*)                                     (*Pro Hac Vice*)
13   bbaumgartner@bakerlaw.com                      lsimowitz@bakerlaw.com
     ROBIN E. HARVEY, Bar No. 0014183          BAKER & HOSTETLER LLP
14   (*Pro Hac Vice*)                                     1050 Connecticut Avenue, NW, Suite 1100
     rharvey@bakerlaw.com                         Washington, DC 20036-5304
15   BAKER & HOSTETLER LLP              Telephone:    202.861.1500
     312 Walnut Street, Suite 3200             Facsimile:    202.861.1783
16   Cincinnati, Ohio 45202-4072
     Telephone:    513.929.3400
17   Facsimile:    513.929.0303

18   Attorneys for Defendants
     GANZ, INC. and GANZ U.S.A., LLC

19

20                    UNITED STATES DISTRICT COURT

21                 NORTHERN DISTRICT OF CALIFORNIA

22   NUTS FOR CANDY, a Sole                   Case No.  CV 08-2873 JSW
     Proprietorship, individually and on behalf
23   of all others similarly situated,           **JOINT CASE MANAGEMENT**
                                           **CONFERENCE STATEMENT**
24              Plaintiff,
                                     Date:        September 12, 2008
25   v.                                     Time:        1:30 p.m.
                                     Judge:       Hon. Jeffrey S. White
26   GANZ, INC. and GANZ U.S.A., LLC,        Courtroom:   Courtroom 2, 17th Floor

27             Defendants.

28

BAKER & HOSTETLER  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1    In accordance with the Federal Rules of Civil Procedure, the Civil Local Rules of the

2    Northern District, and the Court's Standing Orders, the parties hereby submit this Joint Case

3    Management Conference Statement in advance of the Case Management Conference scheduled

4    for September 12, 2008 at 1:30 p.m.

5        1.    **Jurisdiction**:  Plaintiff's complaint in this action is filed under Section 1 of the

6    Sherman Act, 15 U.S.C. § 1 and Section 3 of the Clayton Act, 15 U.S.C. § 14.  Plaintiff contends

7    that this Court has jurisdiction over the subject matter of this dispute under 28 U.S.C. §§ 1331,

8    1337 and 2201, as well as 28 U.S.C. § 1332.

9        2.    **Service**:  All defendants in this action have been served.

10       3.    **Facts**:  Plaintiff alleges that Defendants' co-ordering requirement, which

11   conditions the purchase of the Webkinz toy (the "tying" product) on the purchase of products

12   from Ganz's "core line" (the "tied Ganz products") constitutes a per se violation of Section 1 of

13   the Sherman Act and Section 3 of the Clayton Act.  Plaintiff sues to recover damages allegedly

14   caused by Defendants' illegal tying arrangement.

15       Defendants state that their policies do not constitute an unlawful tying arrangement

16   because they have no market power in the Webkinz toy alleged to constitute the tying product,

17   and that the alleged tying product does not occupy a valid relevant product market for antitrust

18   purposes.  In addition, Defendants state that Plaintiff has failed to allege an anticompetitive effect

19   in a relevant tied product market, which cannot consist of Ganz's "core line," i.e., whatever Ganz

20   sells that is not Webkinz.

21       4.    **Legal Issues**:

22           4a.    **Plaintiff's Statement**:  Plaintiff respectfully suggests that the legal issues

23                  include, but are not limited to:

24                  i.    The definition of the relevant product market for Webkinz;

25                  ii.   Whether Ganz implemented an unlawful and illegal tying

26                        arrangement that conditioned retailers' purchases of Webkinz on

27                        their purchase of the tied Ganz products in the United States in

28

BAKER & HOSTETLER  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1      violation of Section 1 of the Sherman Act and Section 3 of the

2      Clayton Act;

3      iii.    Whether the alleged tying had an anticompetitive effect in a tied

4      product market; and

5      iv.    Whether plaintiff and the other members of the Class were injured

6      by reason of Ganz's unlawful conduct; and, if so, the appropriate

7      class-wide measure of damages.

8      4b.    **Defendants' Statement**:  In addition to the above, Defendants respectfully

9      suggest that additional legal issues included, but are not limited to:

10     i.     Whether the Defendants have market power in a valid relevant

11     product market for the alleged tying product (Webkinz toys);

12     ii.    The existence and definition of a relevant product market for the

13     allegedly tied products (Ganz "core" products);

14     iii.   Whether Ganz's actions have injured competition, rather than at

15     most, as alleged in the complaint, merely the Plaintiff as an

16     individual competitor; and

17     iv.    Whether the proposed class may be certified under Fed.R.Civ.P. 23.

18     Additional or different legal issues may be presented by Plaintiff's amended complaint

19     when it is filed on September 10, 2008.

20     5.     **Threshold Motions**:

21     5a.    **Plaintiff's Statement**:  Plaintiff filed its Motion for Appointment of

22     Interim Lead Counsel on July 18, 2008.  The motion is fully briefed by all

23     parties.  On August 5, 2008, the Court entered an Order Setting Briefing

24     Schedule on Defendants' Motion to Dismiss filed August 4.  On

25     August 19, 2008, a Clerk's Notice was entered continuing the hearing date

26     on Defendants' motion to dismiss and Plaintiff's Motion for Appointment

27     of Interim Lead Counsel to November 14, 2008, at 9:00 a.m.  On

28     August 26, 2008, the parties submitted a Stipulation and [Proposed] Order

BAKER & HOSTETLER LLP
ATTORNEYS  AT LAW
LOS ANGELES

notifying the Court of Plaintiff's intention to file an amended complaint on or before September 10, 2008, and Defendants to answer, move, or otherwise respond to the amended complaint on or before October 10, 2008.   The Court entered this order on August 28, 2008.

5b.   **Defendants' Statement**:  On August 4, 2008, Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).  Rather than oppose that motion, Plaintiff stated that it intends to file an amended complaint by September 10, and stipulated that Defendants may respond to the amended complaint by October 10.  Defendants will evaluate the amended complaint after it is filed, and determine whether to renew their motion to dismiss.  If Defendants file such a motion, they anticipate that it could be argued on November 14, which was the date originally set for argument on Defendants' motion to dismiss the original complaint.

6.   **Evidence Preservation**:  The parties are taking reasonable steps to ensure that evidence is preserved.  Plaintiffs and Defendants have met and conferred with respect to the matters set forth in Fed. R. Civ. P. 26(f).

7.   **Disclosures**:  Plaintiff and Defendants are prepared to make Rule 26 Disclosures and move forward with discovery on a schedule agreed to by the parties or ordered by the Court.

8.   **Discovery**:

8a.   **Plaintiff's Statement**:  Plaintiff anticipates serving discovery and does not believe that discovery or a discovery plan should be delayed.  Plaintiff believes that the Federal Rules of Civil Procedure and the Local Civil Rules of the Northern District should govern.

8b.   **Defendants' Statement**:  Defendants anticipate serving discovery, but believe that discovery should be stayed until after a decision on any motion that they may file to dismiss the amended complaint.  For the same reason, Defendants believe that it is premature at this time to submit a discovery plan.  Defendants expect to require discovery from Plaintiff with regard to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

at least the following subjects: (1) under Fed.R.Civ.P. 23(a), the typicality of Plaintiff's claims with regard to the proposed class, and Plaintiff's ability to fairly and adequately protect the interests of the class; (2) the impact, if any, of Defendants' alleged actions on Plaintiff; and (3) the damages, if any, incurred by Plaintiff.

9.     **Class Actions**:  Plaintiff anticipates filing a Motion for Class Certification, which Defendants anticipate opposing.

10.     **Related Cases**:  On July 11, 2008 a lawsuit was filed in Massachusetts District Court, *Cortes Country Stores, Inc. v. Ganz, Inc. et al.*, 2008 cv 11184.  A third action, *Comstock et al v. Ganz, Inc. et al.*, (No. CV 08-04167), was filed in the Northern District of Illinois, on July 22, 2008.  Plaintiff Nuts For Candy filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") for transfer and consolidation of these related actions to the Northern District of California pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.  Defendants' response to the JPML supports transfer and consolidation of these actions to the Northern District of California.  On July 30, 2008, the JPML established MDL No. 1987 for this motion.  The motion is fully briefed and to be heard by the JPML on September 25, 2008.

11.     **Relief**:  Plaintiff seeks money damages, including treble damages for violations of the federal antitrust laws, and injunctive relief against continued practices.  Plaintiff also seeks its attorneys' fees and costs pursuant to law.  Defendants deny that Plaintiff is entitled to any relief.  Because Plaintiff has not described any methodology for calculating damages, Defendants are not able to respond at this time with regard to how damages should be calculated if liability is established.

12.     **Settlement and ADR**:  The parties and their clients have read and reviewed the handbook entitled "Dispute Resolution Procedures in the Northern District of California," and have filed their ADR certifications.  The parties have met and conferred and agree to private ADR under ADR Local Rule 3-4.  As of this date, the parties have not selected a mediator.  The parties have filed a stipulation to this effect.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13. **Other References**:  As noted, this case has been referred to the Judicial Panel on Multidistrict Litigation.

14. **Expedited Schedule**:  The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

15. **Scheduling**:

> 15a. **Plaintiff's Statement**:  Answers or responses were filed on August 4, 2008.  While a comprehensive schedule may be premature pending the determination of the motion before the JPML, Plaintiff believes that a schedule which would provide for class certification within six months of a decision by the JPML and a trial date one year thereafter would be appropriate.

> 15b. **Defendants' Statement**:  Defendants believe that a comprehensive schedule may be premature prior to the filing of and decision on any motion to dismiss that may be filed in response to the amended complaint.

16. **Trial and Narrowing of Issues**:  Plaintiff has demanded trial by jury.  The parties are not presently in a position to address whether: (a) it is feasible or desirable to bifurcate issues for trial; (b) to estimate the anticipated length of trial; or (c) it is possible to reduce the length of the trial by stipulation, use of summaries of other expedited means of presenting evidence.

///
///
///
///
///
///
///
///
///
///

BAKER & HOSTETLER  LLP
ATTORNEYS  AT LAW
LOS ANGELES

1      17.    **Disclosure of Non-Party Interested Entities or Persons**:  All parties have filed

2  their "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.

3

4  Dated: September 5, 2008          By:  */s/ Steven N. Williams*

5                                    STEVEN N. WILLIAMS
(swilliams@cpmlegal.com) (CA # 175489)

6                                      COTCHETT, PITRE & McCARTHY
840 Malcolm Road, Suite 200

7                                      Burlingame, CA 94010
Telephone: (650) 697-6000

8                                      *Attorneys for Plaintiff*

9  Dated: September 5, 2008          By:  */s/ Lisa I. Carteen (with permission)*

10                                     LISA I. CARTEEN
(lcarteen@bakerlaw.com) (CA # 204764)

11                                     BAKER & HOSTETLER LLP
12100 Wilshire Blvd., 15th Floor

12                                     Los Angeles, CA 90025-7120
Telephone: (310) 820-8800

13                                     *Attorneys for Defendants GANZ, INC. and GANZ U.S.A., LLC*

14

15

16  502035192.3

17

28