**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTZ FOR CANDY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GANZ, INC., and GANZ U.S.A., LLC,<br><br>Defendants.<br>_____/ | No. C 08-2873 JSW<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF LEAD COUNSEL** |

**INTRODUCTION**

Now before the Court for consideration is the motion for appointment of interim class counsel filed by Plaintiff Nutz for Candy. (collectively "Plaintiffs"). In their motion, Plaintiff ask this Court to appoint the law firm of Cotchett, Pitre & McCarthy as interim class counsel in this putative class action. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY VACATES the hearing set for November 14, 2008, and DENIES WITHOUT PREJUDICE the motion.

**BACKGROUND**

Plaintiff has filed this putative class action against the Defendants, Ganz, Inc. and Ganz USA LLA, in which they assert Defendants have engaged in illegal tying arrangements in violation of the Sherman Act. Plaintiff seeks to represent a putative class of "[a]ll persons and entities in the United States who were required as a condition of their purchase of Webkinz to purchase products from Ganz's 'core line' of products." (*See* Mot. at 2:10-11.) In addition to this action, there are two other actions pending in the United States District Court for the

District of Massachusetts, *Cortes Country Stores, Inc., d/b/a Freetown Trading Post v. Ganz, Inc. and Ganz U.S.A., LLC,* 08-11184-RGS and the United States District Court for the Northern District of Illinois, *Scott and Sherry Comstock d/b/a The Cheshire Cat and The Spotted Crocodile v. Ganz, Inc. and Ganz U.S.A., LLC*, 08-CV-04167. (*See* Declaration of Lisa I. Carteen ("Carteen Decl."), Exs. A and B.) Plaintiff in this case has filed a motion before the Judicial Panel on Multidistrict Litigation ("MDL") to have each of these three cases, and any future cases that may be filed, transferred to the undersigned for consolidation. (*Id.*, Ex. C.) Based on the record before the Court, Plaintiff's counsel does not represent the plaintiffs in the *Cortes Country Stores* or *Comstock* actions. However, it appears the plaintiffs in those cases are represented by the same firm. (*Id.*, Exs. A-B.) The motion to transfer currently is scheduled to be heard by the MDL on September 25, 2008. (*See* Docket 45 (Joint Case Management Statement at 5:11-16.)

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 23(g)(2), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." When appointing interim class counsel, a court must find that the applicant is adequate under Rule 23(g)(1)(B) and (C). Rule 23(g)(1)(B), in turn, requires that "[a]n attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." Rule 23(g)(1)(C), requires that:

> (I) the court must consider:
> - the work counsel has done in identifying or investigating potential claims in the action,
> - counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
> - counsel's knowledge of the applicable law, and
> - the resources counsel will commit to representing the class;
> 
> (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
> 
> (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
> 
> (iv) may make further orders in connection with the appointment.

Although there are actions pending in other districts, those cases are not yet before this Court. Rather, this Court has a single action and a single firm seeking to be appointed interim

1 lead counsel. Although it may be that this case will be consolidated with the *Comstock* and
2 *Cortes Country Stores* case, at this time the responsibility for protecting the interests of the class
3 in this Court is clear. *See, e.g., Parrish v. National Football League Players, Inc.*, 2007 U.S.
4 Dist. LEXIS 43723 at *25-26 (N.D. Cal. June 4, 2007). Further, if the Court granted Plaintiff's
5 motion and *Comstock* and *Cortes Country Stores* are transferred and consolidated before this
6 Court, it may be that the Court would be presented with a motion by plaintiffs' counsel in those
7 action to replace the Cotchett firm as interim lead counsel. Accordingly, because the Court
8 concludes that it is unnecessary and would undermine principles of judicial efficiency, the
9 Court DENIES WITHOUT PREJUDICE Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: September 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3