**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE WEBKINZ ANTITRUST
LITIGATION,

No. M 08-01987 JSW

**ORDER GRANTING MOTION TO DROP CLAIMS AND PARTIES AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE**

/

Now before the Court is the motion of Defendants Ganz, Inc. and Ganz U.S.A., LLC to drop certain parties and claims and a motion to dismiss count one. The Court finds the motions appropriate for decision without oral argument. N.D. Civ. L.R. 7-1(b). Accordingly, the Court HEREBY VACATES the hearing date and case management conference set for August 7, 2009. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Defendants' motion to drop certain parties and claims and DENIES Defendants' motion to dismiss count one as premature. The Court shall reset a case management conference by separate order after resolution of the pleadings.

Jurisdiction over this consolidated action is founded upon 28 U.S.C. § 1407 which governs the transfer of multidistrict civil actions for coordinated or consolidated pretrial proceedings. The statute permits the transfer of actions that are "pending in different judicial districts." 28 U.S.C. § 1407. The Court finds that the additional parties named in the consolidated class action complaint filed in this matter were not parties in other pending actions consolidated before this Court. *See, e.g., In re Showa Denko K.K. L-Tryptophan Products*

*Liability Litigation-II*, 953 F.2d 162, 166 (4th Cir. 1992).

Second, the addition of new claims which were not previously asserted in the actions which were transferred to this Court raise similar concerns. Those new claims are not properly before the Court. *See Amchem Products v. Windsor*, 521 U.S. 591, 599 (1997).

Accordingly, Defendants' motion to drop certain parties and claims is GRANTED. Failing reaching a stipulation on the scope of the complaint in this matter, Plaintiffs may file a motion to amend the complaint by no later than August 21, 2009. Failure to amend the complaint shall result in maintaining the current complaint with the additional state claims and new parties stricken.

As a result of granting the motion to drop parties and claims and the grant of leave to file a motion to amend the consolidated complaint, the Court DENIES AS PREMATURE Defendants' pending motion to dismiss count one. Should Plaintiffs eventually file the amended complaint with the same first count without change, the Court shall hear Defendants' motion to dismiss as drafted on the merits. Neither party shall have the opportunity to re-brief the motion or responses; Defendants shall simply file a notice to renew the motion. Should Plaintiffs successfully move to amend the first count, Defendants may re-file a motion to dismiss as appropriate.

**IT IS SO ORDERED.**

Dated:   August 4, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2